UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 08-11312-RGS

MANN & COMPANY, PC, Individually and on
Behalf of a Class of All Persons and Entities Similarly
Situated

v.

C-TECH INDUSTRIES, INC.

ORDER ON REQUEST FOR
ATTORNEYS' FEES

February 5, 2010

STEARNS, D.J.

On December 29, 2009, Mann & Company, P.C. (Mann) filed a motion for final approval of a stipulated class action settlement entered with defendant C-Tech Industries, Inc. The parties propose a settlement that will create a $1 million Settlement Fund. They also recommend a payment of $15,000 to Mann for its services as the class representative. In addition, plaintiffs' counsel have moved for approval of an award of attorneys' fees in the amount of $333,000, plus $835 in expenses. On January 12, 2010, the court held a hearing on the motion for approval of the settlement. No objections were raised prior to the hearing or by February 1, 2010, the close of the window for the filing of objections.

At the hearing, the court indicated its agreement that the proposed settlement appeared to be "fair, adequate and reasonable," Durrett v. Hous. Auth. of Providence, 896 F.2d 600, 604 (1st Cir. 1990), and a result of arms-length bargaining. City P'Ship Co. v. Atl. Acquisition Ltd. P'Ship, 100 F.3d 1041, 1043 (1st Cir. 1996). Noting, however, that the

proposed fee award amounted to 33 percent of the Settlement Fund, the court requested that counsel submit a statement summarizing the hours spent in the prosecution of the litigation. On February 1, 2010, attorneys Edward Broderick and Matthew P. McCue filed statements in compliance with the court's Order. Attorney Broderick states that he spent 333 hours working on the case, at an hourly rate of $500, for a total of $166,500. Attorney McCue states that he spent 223 hours on the litigation, at an hourly rate of $500, for a total of $111,500.[1]

In common fund cases, the trend has increasingly favored the calculation of a fee award by use of the percentage of the fund (POF) method (although the lodestar method remains an option). In re Thirteen Appeals Arising out of the San Juan Dupont Plaza Hotel Fire Litig., 56 F.3d 295, 305, 307 (1st Cir. 1995). Under the POF method, the fee award is set at a reasonable percentage of the settlement amount. The court is not bound under the POF method to evaluate a fixed list of factors; rather, it has "extremely broad" discretion in determining an appropriate fee. Id. at 309. Here, the court has weighed counsels' "relative contribution" to the creation of the Settlement Fund, id. at 308, mindful of the fact that in a common fund case, the court "functions as a quasi-fiduciary to safeguard the corpus of the fund for the benefit of the plaintiff class." In re Fidelity/Micron Sec. Litig., 167 F.3d 735, 736 (1st Cir. 1999).

While the court recognizes the successful result achieved, and the apparent satisfaction of the members of the class as reflected by the lack of objections, it is not prepared to award a fee of the magnitude sought. In this regard, the court notes that the

---

[1]Together, counsel have documented a total of $278,000 in claimed fees, reflecting a putative "bonus" of some 20 percent over and above the time reported as expended.

case did not raise complex legal issues and, as reflected by the relatively small amount of docket activity, was not fiercely litigated. The case was filed in July of 2008. The parties engaged in discovery, which consisted mainly of an exchange of interrogatories and requests for production of documents. The latter resulted in defendant producing a database containing a list of all facsimile numbers to which it had sent the accused transmissions, thereby defining the class. Deposition activity was minimal.[2] Counsel engaged in one brief skirmish over the sufficiency of a discovery response, as indicated by the motion to compel filed on June 4, 2009. The parties filed the stipulation of settlement on September 14, 2009.

The court's prior analysis of a POF fee petition in In re Lupron Mktg. and Sales Pracs. Litig., 2005 WL 2006833 (D. Mass. Aug. 17, 2005), is helpful as a tool of comparison. In Lupron, counsel engaged in extensive discovery over a three-year period, and took over thirty depositions, many lengthy, and many of expert witnesses. See id. at *5. The Lupron attorneys analyzed "hundreds of thousands" of pages of documents, and expended 44,175.98 hours in attorney time on the investigation and litigation of the case. Id. The litigation addressed significant motions involving jurisdictional and substantive matters that resulted in over fifteen published and unpublished decisions of the court, three of which ranged from 35 to 50 published pages, as well as a protracted (and still ongoing) dispute with a dissident faction of the class over the allocation and distribution of a fund 150 times larger than the one here at issue. The court ultimately approved a POF fee

---

[2]While counsel's submissions indicate that a Mann representative was deposed, it is unclear whether any of defendant's representatives were deposed. It appears that while counsel did prepare notices of depositions of defendant's employees, depositions were not conducted.

award to plaintiffs' counsel of 25 percent. See id. at *7.

Weighing the result in Lupron and other POF cases, and the expenditure of attorney time and effort in those cases and others, the court concludes that an award of 33 percent of the Settlement Fund is excessive. The court will approve an award of 17.5 percent of the Settlement Fund (i.e., $175,000), to be apportioned by counsel between themselves as they see fit. The court will approve the payment of $15,000 to Mann as the class representative and the reimbursement to counsel of $835 of costs.

                              SO ORDERED

                              /s/ Richard G. Stearns

                              _____
                              UNITED STATES DISTRICT JUDGE