UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MANN & COMPANY, PC,<br>    Plaintiff, Individually And On Behalf<br>    Of A Class Of All Persons and Entities<br>    Similarly Situated<br><br>V.<br><br>C-TECH INDUSTRIES, INC.<br>    Defendant | **CIVIL ACTION NO. 1:08CV11312-RGS** |

**FINAL ORDER APPROVING STIPULATION OF SETTLEMENT
AND CERTIFYING CLASS**

Pending is Plaintiff Mann & Company, PC's ("Plaintiff") Unopposed Motion for Final Approval of Stipulation of Settlement and Class Certification. For the reasons stated herein, the Court GRANTS Plaintiff's motion, certifies the class, and approves the Stipulation of Settlement.

WHEREAS, the parties to this action, Plaintiff Mann & Company, PC and Defendant C-Tech Industries, Inc. ("C-Tech") have agreed, subject to Court approval, to settle this Action upon the terms and conditions set forth in the Stipulation of Settlement and the Exhibits annexed thereto ("Stipulation"), which has been filed with the Court as an attachment to the Motion for Final Approval (the "Motion"); and

WHEREAS, the parties having made application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order finally approving the Stipulation, which sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and

WHEREAS, the Court preliminarily approved the Stipulation by Preliminary Approval Order dated October 26, 2009 and notice was given to all members of the Settlement Class pursuant to the terms of the Preliminary Approval Order; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation; and

WHEREAS, the Court has read and considered the papers filed in support of the Motion, including the Stipulation and the exhibits thereto, memoranda and argument submitted on behalf of the Settlement Class and the Settling Defendant, and supporting declarations. The Court notes that no class members have filed objections to the Stipulation, nor did any absent class member file any written comments with the Clerk of the Court. The Court held a hearing on January 12, 2009, at which time all of the parties and all other interested persons were heard in support of the proposed settlement; and

WHEREAS, based on the papers filed with the Court and the presentations made to the Court by the parties and by other interested persons at the hearing, it appears to the Court that the Stipulation is fair, adequate, and reasonable. Accordingly,

IT IS HEREBY ORDERED THAT:

1.  For purposes of this settlement only, the Court has jurisdiction over the subject matter of the Action and personal jurisdiction over the parties and the members of the Settlement Class described below.

2.     Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Court certifies the following Settlement Class for purposes of settlement only:

> All persons or entities who appear in C-Tech's ACT! database or whose fax number appears in C-Tech's ACT! database and to whom C-Tech may have sent, sent or caused to be sent, facsimile advertisements promoting C-Tech and its goods or services at any time within the four years period prior to July 31, 2008 through September 14, 2009.

3.     The Court makes the following appointments with respect to the Settlement Class, for purposes of settlement:

4.     Mann & Company, PC is appointed class representative and the following are appointed as Class Counsel:

Matthew P. McCue
LAW OFFICE OF MATTHEW P. MCCUE
179 Union Avenue
Framingham, MA 01790

Edward A. Broderick
THE LAW OFFICE OF EDWARD A. BRODERICK
727 Atlantic Avenue, Suite 2F
Boston, MA 02111

5.     With respect to the Settlement Class, this Court finds for settlement purposes only that: (a) the Settlement Class as defined above is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the respective class representative (the "Class Representatives"), identified in paragraph 3 above, are typical of the claims of their respective class; (d) the Class Representatives will fairly and adequately protect the interests of the Settlement Class; (e) the questions of law or fact common to the members of the Settlement Class predominate over the questions affecting only individual members, and (f) certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy. The

Court further finds that (A) the members of the class have a limited interest in individually prosecuting the claims at issue; (B) the Court is satisfied with Class Counsel's representation that they are unaware of any other litigation commenced regarding the claims at issue by members of the Settlement Class; (C) it is desirable to concentrate the claims in this forum; and (D) it is unlikely that there will be difficulties encountered in administering this re is Class Action Settlement. In the event the Stipulation terminates pursuant to its terms for any reason, the conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically and shall be null and void, and this action shall revert to its status, immediately prior to the execution of the Stipulation.

6. The Court has determined that the Notice given to members of the Settlement Class, in accordance with the Preliminary Approval Order, fully and accurately informed members of the Settlement Class of all material elements of the proposed settlement and constituted valid, due, and sufficient notice to all members of the Settlement Class, and fully complied with Rule 23(c)(B) of the Federal Rules of Civil Procedure, and with all applicable law.

7. The persons who made timely made timely and valid requests for exclusion are excluded from the Settlement Class and are not bound by this Order of Final Judgment and Dismissal. The identities of such persons are set forth in Exhibit A, attached hereto.

8. The Court finally approves the settlement of the Action in accordance with the terms of the Stipulation of Settlement and finds that the settlement is fair, reasonable, and adequate in all respects.

9. The Court orders the parties to the Stipulation to perform their obligations thereunder.

10.     The Court dismisses this Action, and the Released Claims, with prejudice and without costs (except as otherwise provided herein and in the Stipulation) and adjudges that the Released Claims and all of the claims described in the Stipulation of Settlement are released against the Released Parties.

11.     The Court adjudges that the Class Representatives and all Settlement Class Members under the Stipulation shall be deemed to have, fully, finally and forever released, relinquished and discharged all Released Claims against the Released Parties, as defined by the Stipulation. The Court further adjudges that each Settlement Class Member who has not opted out of this settlement ("Non-Opt Outs"), but for whatever reason does not receive money from the Settlement Fund, shall be deemed to have fully, finally and forever released relinquished and discharged all Released Claims against the Released Parties.

12.     The Court further adjudges that upon the Effective Date, each of the Released Parties and all signatories to the Stipulation shall be deemed to have fully, finally and forever released, relinquished and discharged Plaintiff, Class Counsel, and the Settling Defendant and their counsel in this Action from any claims (including Unknown Claims) for abuse of process, libel, malicious prosecution or similar claims arising out of, relating to, or in connection with the institution, prosecution, defense, assertion, or resolution of the Action, including any right under any statute or federal law to seek counsel fees and costs.

13.     Plaintiff and Settlement Class Members are permanently barred and enjoined from asserting, commencing, prosecuting or continuing any of the Released Claims described in the Stipulation of Settlement against the Released Parties.

14. Without affecting the finality of this Final Order of Judgment and Dismissal in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Stipulation until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto shall have been performed pursuant to the Stipulation; (b) any other action necessary to conclude this settlement and to administer, effectuate, interpret and monitor compliance with the provisions of the Stipulation.

15. The Court approves of Class Counsel attorneys' fees in the amount of $ 175,000, costs and expenses in the amount of $835, together with a proportionate share of interest accrued to the Settlement Funds on those sums. This amount shall be paid from the Settlement Fund in accordance with the terms of the Stipulation.

16. The Court approves the service fee payment of $15,000 for Class Representative Mann & Company, PC, together with a proportionate share of interest accrued to the Settlement Funds on that sum. This amount shall be paid from the Settlement Fund in accordance with the terms of the Stipulation.

17. Neither this Final Order of Judgment and Dismissal nor the Stipulation is an admission or concession by the Settling Defendant of any fault, omission, liability, or wrongdoing. This Final Order of Judgment and Dismissal is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by the Settling Defendant. The final approval of the Stipulation does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of the Settling Defendant or the Settlement Class members.

18. There being no objections, the Court finds that no just reason exists for delay in entering this Final Order of Judgment and Dismissal. Accordingly, the Clerk is hereby directed forthwith to enter this Final Order of Judgment and Dismissal.

DATED:   February 5, 2010

*Richard G. Stearns*

Richard G. Stearns, United State District Judge